<u>**JURY TRIAL DEMANDED**</u>

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**GAYLE MILLER MCMULLIN**                                    **PLAINTIFF**

**VS.**                                      **CIVIL ACTION NO. 3:13CV68CWR-FKB**

**MISSISSIPPI DEPARTMENT OF
PUBLIC SAFETY
and ALBERT SANTA CRUZ, in his official capacity
as COMMISSIONER OF THE MISSISSIPPI
DEPARTMENT OF PUBLIC SAFETY**                 **DEFENDANTS**

## COMPLAINT

THIS IS AN ACTION for racial discrimination in employment in violation of Title VII of the Civil Rights Act of 1964 (as amended) and 45 U.S.C. § 1983 wherein Plaintiff, Gayle Miller McMullin, was denied a transfer and promotion as Training Director for the Mississippi Department of Public Safety because of her race, Caucasian.

## JURISDICTION

**1.**

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 2201, and 42 U.S.C. § 2000e-16(a) which provide generally that all personnel actions affecting employees shall be free from any discrimination based upon race. The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1343(3),(4) which provides jurisdiction for claims filed pursuant to 42 U.S.C. § 1983, which statute also prohibits discrimination based upon race.

## VENUE

**2.**

Pursuant to 42 U.S.C. § 2000e-5(f)(3) venue is proper in this District and Division inasmuch as the employment records belonging to the challenged practice at issue are maintained and administered in the office of the Defendant, Mississippi Department of Public Safety, located in Jackson, Hinds County, Mississippi, and the Mississippi Highway Safety Patrol maintains its principal office in Hinds County, Mississippi. The unlawful refusal to transfer and promote Plaintiff McMullin was committed by the Mississippi Department of Public Safety which again is located in Hinds County, Mississippi.

## PARTIES

**3.**

Plaintiff, Gayle Miller McMullin, Caucasian female, is an adult resident citizen of the United States who resides in Madison County, Mississippi. At all times material Plaintiff has been and is an employee of the Defendant, as defined by Title VII of the Civil Rights Act and its implementing regulations, and 42 U.S.C. § 1983.

**4.**

The Defendant, Mississippi Department of Public Safety, is a state agency of the State of Mississippi which operates the Mississippi Highway Safety Patrol. The Defendant is an employer as defined by Title VII of the Civil Rights Act and its implementing regulations and 42 U.S.C. § 1983. Defendant Albert Santa Cruz, as the Commissioner for the Mississippi Department of Public Safety, is responsible for the overall operation of the Department of Public Safety.

## EXHAUSTION

### 5.

Plaintiff has fully exhausted all administrative remedies pursuant to Title VII of the Civil Rights Act of 1964 (as amended), as pertinent herein.

## STATE ACTION

### 6.

At all times material, the Defendants, Mississippi Department of Public Safety and Albert Santa Cruz, as Commissioner of the Mississippi Department of Public Safety, have been acting under color of law, custom and usage of the State of Mississippi.

## FACTS

### 7.

Plaintiff became employed with the Mississippi Highway Safety Patrol of the Mississippi Department of Public Safety in April of 1987. She, therefore, has 25 years of experience as a sworn state trooper. Between 2006 and March of 2012, the Plaintiff was a full-time training coordinator/instructor for the Mississippi Law Enforcement Training Academy at Pearl, Mississippi. In said position, Plaintiff trained, *inter alia,* sheriffs, deputies, game and fish officers, chiefs of police and highway patrolmen.

### 8.

In April of 2011, Plaintiff was reassigned from the Mississippi Law Enforcement Officers Training Academy to the Training Division for the Mississippi Highway Patrol wherein Plaintiff trained Cadet Class 60 of the Mississippi Highway Patrol. After said training of the Cadet Class 60 was completed, Colonel Donnell Berry, on January 3, 2012, transferred Plaintiff back to her

position as instructor/coordinator, Training Division of the Mississippi Law Enforcement Officers Training Academy.

**9.**

In February of 2012, the Training Director for the Mississippi Highway Patrol was transferred to a new position as Director of Driver Services. Soon after the transfer, the new Director of Driver Services was promoted to the rank of Major.

**10.**

On or about February 27, 2012, Plaintiff applied for the vacant Training Director job. At the time of application of the Plaintiff, the vacated job for which she applied carried a Captain's rank, which was a promotional transfer, not lateral.

**11.**

Plaintiff knew that the Training Director job had become open, and accordingly applied for said position. However, contrary to settled policy of the Defendants, Plaintiff never was sent written notice or any notice whatsoever of that open position.

**12.**

The Training Director's job had carried the rank of Captain for at least ten (10) years.

**13.**

In response to Plaintiff's application for the Training Director position, Colonel Donnell Berry, Director of Mississippi Highway Safety Patrol and Assistant Commissioner of the Department of Public Safety, on March 19, 2012, reassigned, effective April 1, 2012, Plaintiff from her then Mississippi Law Enforcement Officers Training Academy position to the position of Mississippi Highway Safety/Department of Public Safety Law Enforcement Communications

Coordinator which previously held the rank of Major. After the transfer, the Plainfiff continued with the rank of Lieutenant without increase in pay.

14.

Instead of promoting Plaintiff McMullin to the position she sought, on or about May 1, 2012, said Colonel Donnell Berry, a Black male, promoted Black male, Marshall Pack, then a Master Sergeant, to the rank of Lieutenant and appointed him as Training Director. The Training Director position previously, as mentioned *supra,* was and had been for a long period of time held the rank of Captain.

15.

Plaintiff was much more qualified and experienced in training at the Mississippi Highway Safety Patrol. Approximately half of her career of 25 years had been in training. Mr. Pack has been a training officer for 4 patrol schools. Plaintiff has been a training officer for 12 patrol schools. Mr. Pack had less tactical advisor and counsel officer experience for patrol schools than Plaintiff. Plaintiff outranked Marshall Pack. Plaintiff's 25 years in the Mississippi Highway Safety Patrol exceeded the 18 years Marshall Pack had been with the Mississippi Highway Safety Patrol. Plaintiff has never been disciplined by the Defendants, but in fact was given the Award for Excellency in Leadership by the Governor.

16.

Plaintiff has been discriminated against on the basis of her race, White, by not being transferred and promoted to the position of Captain and Training Officer. As such, she has suffered lost pay, loss of fringe benefits, loss of pension benefits, with the pension benefits being

based upon the highest of four years of salary. The Captain's salary exceeds the Lieutenant's salary. Plaintiff also has undergone severe mental anguish and emotional distress and is entitled to damages therefor.

## IRREPARABLE HARM

### 17.

Plaintiff faces irreparable harm for which there is no adequate remedy of law.

## CAUSES OF ACTION

### 18.

The actions of the Defendants constitute discrimination in violation of Title VII of the Civil Rights Act of 1972.

### 19.

The actions of the Defendants constitute discrimination in violation of the equal protection clause of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Gayle Miller McMullin, prays for the following relief:

1. A judgment of and from the Defendant, Mississippi Department of Public Safety, in an amount set by the jury for lost pay, loss of fringe benefits, lost pension benefits, back pay, front pay, salary increases, awards, bonuses and all income losses caused by the Defendants' having failed to transfer and promote Plaintiff McMullin.

2. Damages of and from the Defendant, Mississippi Department of Public Safety, in an amount set by the jury for mental anguish, loss of reputation, and emotional distress

proximately caused by the race discrimination and violations of § 25-9-127(1) of the Miss. Code Ann. of 1972.

3. An injunction ordering that the Defendants immediately transfer and promote Plaintiff to the job as Training Director for the Defendant, Mississippi Department of Public Safety. Said transfer and promotion should include any and all seniority attributable thereto, *i.e.*, the transfer and promotion should be retroactive to February 27, 2012, when application therefor was made.

4. The cost of this cause including a reasonable attorney's fee.

5. General relief.

Respectfully submitted,

_____
Dennis L. Horn, Attorney for Plaintiff,
Gayle Miller McMullin

Dennis L. Horn (MSB #2645)
HORN & PAYNE, PLLC
P. O. Box 2754
Madison, MS 39130-2754
Phone: (601) 853-6090
Fax: (601) 853-2878
hpattys@aol.com