UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**GAYLE MILLER MCMULLIN**                                                                          **PLAINTIFF**

**VS.**                                                       **CIVIL ACTION NO. 3:13-cv-68-CWR-FKB**

**MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY, et al.**                            **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Defendants' motion for summary judgment. Docket No. 40. The Plaintiff opposes the motion. Docket No. 42. The Defendants have filed a rebuttal brief, Docket No. 49, and the matter is ready for review. The motion is GRANTED.

**I.   Factual and Procedural History**

Plaintiff Gayle McMullin, a white female, started her employment with the Mississippi Department of Public Safety (MDPS) as an officer sometime in 1987. In 2005, while working in the Highway Patrol's training division, McMullin was promoted to the rank of Lieutenant. She currently maintains that rank while serving as Communications Coordinator.

Sometime in February 2012, McMullin heard "by word of mouth" that Captain Chris Gillard vacated his position as Director of Training in order to receive a promotional transfer. McMullin Deposition, Docket No. 42-4, at 42-3 (hereinafter "McMullin Dep."). After receiving confirmation from Captain Gillard that he was being promoted, McMullin drafted three identical memos in which she stated her interest in being considered for "the *Captains* [sic] position for the Training Division."[1] *See* Docket No. 43, at 4-6 (emphasis added). These memos were dated February 27, 2012, and were given to Cindy Harper (Colonel Berry's Administrative Assistant)

---

[1] McMullin claims that it is standard procedure to send a letter of interest of this sort after hearing of an available position. McMullin Dep. at 42. She also states that MDPS normally sends a position open notice through postal mail, a "1045" message, or an email. *Id*. However, she claims she never received any such notice. *Id*.

1

so that they would be delivered to Natalie Holmes[2] (MDPS's Human Resources Legal Liaison), Albert Santa Cruz (Commissioner of MDPS), and Colonel Donnell Berry (Director of Highway Patrol).[3] Berry claims he received McMullin's memos shortly after she delivered it, but took no action on it because the vacancy had not yet been posted.[4] Berry Deposition, Docket No. 42-2, at 21 (hereinafter "Berry Dep.").

On March 19, 2012, Berry temporarily assigned McMullin to the Mississippi Law Enforcement Training Academy (TAC).[5] Berry Dep. at 18. Berry stated that he transferred her to TAC because it was "shorthanded." *Id*. On March 26, 2012, Berry directed that a position open notice for the position of Lieutenant Training Director be prepared and disseminated.[6] *Id*. at 26. According to Berry, he wanted to fill the Lieutenant position before filling the Captain of training director position. *Id*. at 27; *see also* Defendants' Memo. of Authorities in Support of their Mot. for Sum. Judg., Docket No. 41, at 2. McMullin claims that she never received notice of the Lieutenant training director's position until after this suit was filed. McMullin Dep. at 47-8. In any case, McMullin testified that she was not interested in this position; she was only interested in the Captain director position for the training division. *Id*. at 44.

Two African-American employees, Master Sergeant Marshall Pack and Staff Sergeant James Walker, both of whom were lower-ranking officers, applied for the Lieutenant training director

---

[2] Holmes stated that she never received McMullin's memo. Natalie Holmes Dep., Docket No. 42, Exhibit A, at 33 (hereinafter "Holmes Dep.").

[3] Holmes and Berry are both Black.

[4] Berry claims that he receives memos such as McMullin's "all the time," but he ignores them until the position for which the applicant seeks become open. Berry. Dep., at 21.

[5] McMullin was later reassigned to her current position as Law Enforcement Communications Coordinator in charge of dispatch.

[6] Berry testified that his plan was to hire a Lieutenant training director, then hire a Captain.

position. Pack learned of the available position through a letter sent out by MDPS.[7] Marshall Pack Dep., Docket No. 42-3, at 21 (hereinafter "Pack Dep."). On March 27, 2012, Pack issued a memo to Berry expressing his interest to interview for the Lieutenant training director position.[8] Docket No. 44, at 31. After Pack was interviewed for the position, Berry issued a letter to Pack dated April 10, 2012, promoting him to the Lieutenant training director position effective May 1, 2012. *Id*. at 32.

On June 12, 2012, McMullin filed a charge of discrimination with the EEOC. In that charge, she alleged that she was more qualified and experienced than Pack. Docket No. 40-1. Upon the request of her counsel, the Department of Justice issued her notice of right-to-sue on December 10, 2012.[9] On January 31, 2013, McMullin timely filed this action, alleging racial discrimination under Title VII of the Civil Rights Act of 1972 for MDPS's failure to promote her to the Captain's position of training director.

According to Defendants, the Captain's position currently remains open, with Pack serving as "acting"[10] director. *See* Berry Dep. at 35-6.[11]

## II. Legal Standard

### a. *Summary Judgment*

---

[7] Pack claims that he does not remember if he received this letter through email or postal mail. Pack Dep. at 21. But, Pack also stated that, usually, dispatchers would put out a 1045 message over the radio "for guys that's not checking their emails." *Id*.

[8] Pack also submitted an application for this position on March 30, 2012. *See* Docket No. 44 at 33-7.

[9] The Department of Justice was responsible for issuing the right-to-sue letter because the respondent is a governmental agency. See 29 CFR § 1601.28(d)(2).

[10] This means that the Training Director's position is, in effect, held by the Lieutenant, Marshall Pack, until the Captain's position is filled. *See id*. at 38.

[11] In a pre-trial conference held on April 11, 2014, both parties acknowledged that the Captain's position for training director is still available and that McMullin is currently being considered for this position.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When confronted with these motions, the Court focuses on "genuine" disputes of "material" facts. A dispute is genuine "if the evidence supporting its resolution in favor of the party opposing summary judgment, together with any inferences in such party's favor that the evidence allows, would be sufficient to support a verdict in favor of that party." *St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987). A party must establish the presence, or absence, of fact disputes by "citing to particular parts of materials in the record" that would constitute admissible evidence at trial. Fed. R. Civ. P. 56(c)(1)(A).

The Court will "view the evidence and draw reasonable inferences in the light most favorable to the non-movant," *Maddox v. Townsend & Sons, Inc.*, 639 F.3d 214, 216 (5th Cir. 2011) (citation omitted), but "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the non-movant's burden in a motion for summary judgment." *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002) (quotation marks omitted). Moreover, "[w]here critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the non-movant, or where it is so overwhelming that it mandates judgment in favor of the movant, summary judgment is appropriate." *Custer v. Murphy Oil USA, Inc.*, 503 F.3d 415, 421 (5th Cir. 2007) (internal quotation marks omitted).

**III.   Discussion**

At the summary judgment stage, plaintiff need not present a *prima facie* case of discrimination, but must simply raise a genuine issue of material fact as to the existence of a *prima facie* case. *Thornbrough v. Columbus & Greenville R.R. Co.*, 760 F.2d 633, 641 n.8 (5th Cir. 1985), *abrogated on other grounds by St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502 (1993).

To establish a *prima facie* case for unlawful race discrimination for the failure to promote, a plaintiff must prove that 1) she is a member of a protected class; 2) she applied and was qualified for a job for which the employer was seeking applicants; 3) despite her qualifications, she was rejected; and, 4) after her rejection, the position was filled by someone of a different race, or it remained open and the employer continued to seek applicants from persons of complainant's qualifications. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Haynes v. Pennzoil Co.*, 207 F.3d 296, 300 (5th Cir. 2000); *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 354–55 (5th Cir. 2001). A plaintiff must carry this initial burden by a preponderance of the evidence. *Haynes*, 207 F.3d at 300.

Based on the record evidence and relevant standards, the Court finds that the Plaintiff has not established a genuine issue of material fact as to the existence of a *prima facie* case for her claim of race discrimination for failure to promote under Title VII.

It is clear from the record that McMullin has not created a genuine issue of material fact regarding her contention that she was denied the promotion because of her race. The position for which Pack was selected was announced as a position to be filled by a Lieutenant. Although McMullin now clams that she wanted to be considered for the position, the evidence shows otherwise. After Gillard was promoted, McMullin notified Berry that she was "interested in the *Captains* [sic] position for the Training Division." Docket No. 40-1 (emphasis added); *see also* McMullin Dep. at 43 (acknowledging that, through her memos, she was seeking the Captain's position). Sufficient clarity regarding McMullin's lack of interest in a position at the Lieutenant rank is evidenced in the following colloquy:

> [Counsel for MDPS]. Okay. In the memos, the three memos, the body of them, it's the same. You were looking for a captain's position; is that correct?

| | |
|---|---|
| [McMullin]. | Correct. Which was occupied by Chris Gillard in the training division. |
| [Counsel for MDPS]. | Right. He was a captain at the time he held the position? |
| [McMullin]. | Yes, sir. |
| [Counsel for MDPS]. | Okay. But you were looking to become a captain; is that right? |
| [McMullin]. | Yes, sir. |

\* \* \* \*

| | |
|---|---|
| [Counsel for MDPS]. | . . . The training division position, you were interested in the captain's position for the training division? |
| [McMullin]. | Yes, sir. |
| [Counsel for MDPS]. | Would you have been interested in a lieutenant's position for the training division? |
| [McMullin]. | No, sir. I was - - wanting a promotional transfer. |

McMullin Dep. at 43-4. Pack was not hired for the Captain's position; he is the Lieutenant training director—a position for which McMullin did not apply.

In opposition to Defendants' motion for summary judgment, Plaintiff makes numerous arguments, many of which are laden with conspiracy-oriented details.[12] Mainly, Plaintiff argues that even though Defendants claim that Pack was hired for a different position than the one that Plaintiff desired, Defendants' plan is to make Pack the Captain Training Director. Plaintiff asserts that "[MDPS] could not promote Pack to Captain, Director of Training, so [MDPS] promoted him as a lieutenant to Training Director." Plaintiff's Brief Opposing Sum. Judg., Docket No. 48, at 18. In other words, Pack was promoted to the Lieutenant position so that he

---

[12] Plaintiff alludes to Holmes' and Berry's race as if to show that it has a connection to her being denied the promotion because she is white, and Pack receiving his promotion because he is black.

6

could be considered and ultimately hired for the Captain's position.[13] Plaintiff further claims that, even though Pack received the open notice for the Lieutenant position, Defendants made a concerted effort to keep McMullin from learning of the position opening and denied McMullin the promotion because she did not apply. However, these claims, when compared to the record evidence before the Court, are simply conjecture. In response to a motion for summary judgment, the opposing party must come with specific facts which are more than "conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *Phillips v. Nissan North America, Inc.*, 3:11-cv-104CWR-FKB, 2012 WL 2254274, at *2 (S.D. Miss. June 14, 2012) (citations omitted).

The record shows that, in response to a position open notice sent out by MDPS, Pack applied for the Lieutenant position. The Court recognizes that Defendants have admitted that until the Captain's position is actually filled, Pack is "acting" as both Captain and Lieutenant training director. However, this is merely temporary.[14] Pack, in his capacity as Lieutenant, is also an interim officer for the Captain's position until a permanent appointment for this position is made. To be clear, the fact remains that the Captain of training director position has not yet been filled.

On this record, McMullin cannot satisfy the third and fourth elements of a *prima facie* failure to promote claim because she cannot show that she was rejected for the Captain's training director position, and the record simply does not support the claim that Pack was hired for this

---

[13] Plaintiff made this assertion based on the fact that employees cannot be promoted two ranks over. That is, Pack could not have been promoted to the Captain's position as a Master Sergeant. In order to be promoted to the rank of Captain, it was necessary for Pack to first attain the rank of Lieutenant.

[14] In Berry's sworn testimony, when asked whether the Captain's position would eventually be filled by someone else, Berry confirmed that it would be. Berry Dep. at 34. There has been no indication that the position would be filled by Pack without providing others, including McMullin, the equal opportunity to apply.

position instead.[15] Defendants' intentions are clear: MDPS sought to fill two separate positions, a Training Director Captain and a Training Director Lieutenant. As Berry explained in his sworn testimony, MDPS wanted to hire its Lieutenant before it filled in the Captain's slot. *See* Berry Dep. at 33-4. Pack was hired as the Training Director Lieutenant and serves as the sole Training Director of the Highway Patrol's Training Division until a new Captain is appointed. She was not considered for the position, because she did not apply for the Lieutenant position. Moreover, she was not interested in that position. Therefore, she has never been rejected. Accordingly, Defendants' motion for summary judgment is hereby GRANTED.

**SO ORDERED**, this the 5th day of May, 2014.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[15] To the extent that Plaintiff argues that MDPS downgraded the Training Director position from Captain to Lieutenant so that Pack would be eligible to apply for it, Plaintiff still would not meet the *prima facie* case because, as previously stated, she did not apply for the Lieutenant's position.